UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRUCE RAFFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOSEPH LEHMAN,<br><br>　　　　Defendant. | Case No. C04-5760RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**DECEMBER 16th, 2005** |

　　　　This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. On October 6th, 2005 the court entered an order that required plaintiff to Show cause why this action should not be dismissed for failure to serve any named defendant. (Dkt. # 13). There has been no response to that order and the court now recommends this action be **DISMISSED WITHOUT PREJUDICE** for failure to serve a party.

## FACTS

　　　　This action was commenced on November 1st, 2004 by the filing of a complaint and payment of a filing fee. (Dkt. # 1). Plaintiff is proceeding *in form pauperis*. (Dkt. # 3). The court has

ORDER- 1

attempted to serve the only named defendant in this action and service by mail has been unsuccessful. (Dkt. # 11). Plaintiff has provided no information on another address and has not responded to the order to show cause.

## DISCUSSION

Federal Rule of Civil Procedure 4 (m) indicates that if service of a summons and complaint is not made within 120 days of filing the court shall dismiss without prejudice unless the plaintiff can show good cause why service was not made within that time. Ignorance of the rules is not good cause. <u>Townsel v. County of Contra Costa</u>, 820 F.2d 319, 320 (9th Cir.1987). The above analysis and a plain reading of the rule would appear to indicate that dismissal without prejudice is in order, but the standard of review is abuse of discretion which indicates the Court has discretion in deciding if dismissal is proper. <u>Wei v. State of Hawaii</u>, 763 F.2d 370, 371 (9th Cir. 1985).

The 9th Circuit has indicated that failure to comply with the service requirements does not mandate dismissal and the rule should be given liberal and flexible construction as long as the defendant receives sufficient notice of the complaint. <u>United Food & Commercial Workers Union v. Alpha Beta Co.</u>, 736 F.2d 1371, 1382 (9th Cir. 1984). Failure to follow technical requirements does not warrant dismissal where "(a) the party that had to be served personally received actual notice, (b) the defendants would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." <u>Borzeka v. Heckler</u>, 739 F.2d 444, 447 (9th Cir. 1984).

There is no indication the named defendant is aware of this action being filed. Accordingly, the case should be **DISMISSED WITHOUT PREJUDICE**.

## CONCLUSION

Plaintiff's failure to respond to an Order to Show Cause and his failure to provide information on where to serve Mr. Lehman has resulted in more then 120 days passing without service on any named defendant. Accordingly, this action be should be **DISMISSED WITHOUT PREJUDICE**. A proposed Order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the

ORDER- 2

parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 16th, 2005**, as noted in the caption.

DATED this 30th day of November, 2005.

                                         */S/ J. Kelley Arnold*
                                         J. Kelley Arnold
                                         United States Magistrate

ORDER- 3